BERANEK, Judge.
After a non-jury trial, Rader was convicted of the third degree felony of tampering with physical evidence in violation of Section 918.13, Florida Statutes (1981). We reverse.
The tampering charge stems from a complex set of facts concerning the larceny of Rader’s home in Hollywood. While Rader was on a business trip to New York, a former house guest, Marlene Friedman, returned to his home with Tom, the teenaged son of her roommate, also a former house guest, and removed a sterling silverware set and approximately 1,000 silver medallions. She brought these to a pawn broker in Coral Gables and received $47,500 in cash. Before departing for New York, she left approximately $18,000 in a nightstand in her apartment. When her roommate became suspicious, Tom confessed to his mother. She immediately contacted Rader in New York and related the entire story. After telling him that she was afraid to keep the money in the apartment until he returned, Rader sent his son and daughter to get the money.
Rader returned to Florida the next evening, a Sunday, and discovered a bag containing $15,343 in his bedroom closet. There was evidence that Rader often kept large sums of cash in his home. On Monday morning, he received a telephone call from the Hollywood Police Department requesting his presence at the station. He agreed to go with the police to Coral Gables to attempt to “buy back” the property from the pawn broker. At the request of the police, Rader withdrew $50,000 of his own cash for that purpose. The money was not needed as the pawn broker had already turned over the silver coins to the Coral *111 Gables Police. That evening Rader gave his son the $50,000, along with the $15,343 in the bag, with instructions to deposit the money in his stock brokerage account as soon as possible the next morning. The $65,000 was deposited in Rader’s account by 11:00 a. m. Tuesday morning. At 1:30 p. m., Rader began giving his statement to the police. During that statement, the police asked him for the first time to turn over the $18,000 retrieved from the apartment to the police who wanted it for evidence. Rader told the police that he had the money but did not want to turn it over to them until he consulted with his attorney. He did not, however, tell them that the money had already been deposited in the bank. The police never informed Rader that it was a crime to withhold the money. After more than a month of requests from the police for the money, Rader was charged with tampering with evidence.
We find that the evidence adduced at trial was simply insufficient to support a guilty verdict. The appellant was charged with violating Section 918.13, Florida Statutes (1972), which provides:
918.13 Tampering with or fabricating physical evidence
(1) No person, knowing that a criminal trial or proceeding or an investigation by a duly constituted prosecuting authority, law enforcement agency, grand jury or legislative committee of this state is pending or is about to be instituted, shall:
(a) Alter, destroy, conceal, or remove any record, document, or thing with the purpose to impair its verity or availability on such proceeding or investigation; or
(b) Make, present, or use any record, document, or thing, knowing it to be false.
(2) Any person who violates any provision of this section shall be guilty of a felony of the third degree, punishable as provided in § 755.082, § 775.083 or § 775.084.
Initially, we are concerned that the State never explained the discrepancy between the $18,000 that Ms. Friedman supposedly left in the apartment and the $15,000 in Rader’s home. Rader testified that he did not know whether this was the same money retrieved from Ms. Friedman’s apartment by his son, or if it was currency that he kept at the house. The State never proved that the money in the bag was indeed the proceeds of the larceny. Furthermore, it was uncontested that the money was deposited in a normal business fashion in an account with a nationally recognized brokerage house. It was not until after the money was deposited, that the police asked Rader for the first time to turn over the $18,000. The State could not possibly show that he concealed the money for the purpose of impairing its availability in the criminal trial as he did not know it was needed in a criminal trial.
Tampering with evidence is a crime requiring specific intent, and appellant lacked that specific intent. See State v. News-Press Publishing Co., 338 So.2d 1313 (Fla. 2d DCA 1976). Furthermore, there is no indication that the currency itself was subject to identification and thus its value as evidence is highly questionable. The State took a deposition from Rader and never asked specifically the location of the money. We conclude the evidence was insufficient and that the Court should have directed a verdict for defendant. The judgment is vacated and the matter remanded for further proceedings in accordance with this opinion.
REVERSED.
HERSEY and DELL, JJ., concur.